**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| DEREK FENLON, individually and on behalf of all others similarly situated, | ) ) ) ) | Case No. 1:19-cv-00142-DLH-CRH |
| Plaintiffs, | ) ) ) | **MEMORANDUM IN REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS** |
| vs. | ) ) | **AND PLAINTIFFS' RULE 56(d) MOTION FOR CONTINUANCE** |
| NICKELBACK TRANSPORT, INC. | ) ) | |
| Defendant. | ) | |

1.      Defendant Nickelback Transport, Inc. ("Nickelback") files this Memorandum in Reply to Plaintiffs' Response to Defendant's Motion to Dismiss and Plaintiffs' Rule 56(d) Motion for Continuance.

2.      Plaintiffs respond to the Defendant's Motion to Dismiss the Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), by arguing that the Defendants' have filed "a premature motion for summary judgment in this case prior to discovery even opening."  Doc. ID#5 at p.1.  Further, the Plaintiffs indicate that a continuance is appropriate under Rule 56(d) of the Federal Rules of Civil Procedure and Plaintiffs' Counsel has filed an affidavit (Doc. ID#8-1) identifying a broad discovery plan that it suggests this Court implement.

3.      Nickelback's Motion to Dismiss is based on the FLSA's Motor Carrier Act exemption (hereinafter "MCA exemption") set forth in 29 U.S.C. 213(b)(1) and its application by the Court of Appeals for the Eighth Circuit in *Alexander v. Tutle and Tutle Trucking Inc.*, 834 F.3d 866 (8th Cir. 2016).  The MCA exemption involves employees "engage[d] in activities of a character directly affecting the safety of operation of motor

vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce." *Id.* at 870 (quoting 29 C.F.R. § 782.2(a)). As a general rule, an employee fits into this category if the employee is "called upon in the ordinary course of his work to perform, either regularly or from time to time, safety-affecting activities" in transportation in interstate commerce. *Id.* (quoting 29 C.F.R. § 782.2(b)(3)). Furthermore, the exemption applies if there is even a "reasonable expectation" that the employee will be directed to perform interstate driving. *See id.* (internal cites omitted). "The Motor Carrier Act exemption applies to a driver who performs no interstate driving if the driver is subject to being assigned an interstate trip and there is a reasonable expectation of such assignment." *Alexander*, 834 F.3d at 870 (citing *Starrett v. Bruce*, 391 F.2d 320, 323-24 (10th Cir. 1968) (emphasis added) (internal quotations omitted)).

4.     The Plaintiffs in this matter, unlike other civil matters where a Rule 56(d) continuance may be appropriate, should not feign ignorance of the fact that Nickelback trucks were driven interstate during their employment and specifically that interstate trips were made by individual Plaintiffs. However, rather than filing any affidavit or declaration of Fenlon, Miller, and Ledin that places in dispute Holdaway's Declaration, the Plaintiffs simply seek a continuance to discover information to oppose Nickelback's Motion to Dismiss. While it does seem possible that a driver may not recall every occasion in which he or she drove interstate, it seems wholly implausible that the driver would not be aware that he or she drove interstate. The fact that Fenlon and other drivers drove interstate goes beyond a mere expectation. Furthermore, the fact that individual driver plaintiffs drove interstate, which has not been placed in dispute, is not appropriate for the

application of a Rule 56(d) continuance where the information is not solely in the Defendant's possession as the Plaintiffs are certainly aware of their own interstate travel.

5.     The Plaintiffs have not met their burden in affirmatively demonstrating to this Court how a continuance would enable them to obtain evidence to rebut Holdaway's showing that Nickelback trucks were driven by Nickelback employees interstate.

> "To obtain a Rule 56 ( [d] ) continuance, the party opposing summary judgment must file an affidavit 'affirmatively demonstrating ... how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.' " *Ray v. American Airlines, Inc.,* 609 F.3d 917, 923 (8th Cir.2010), *quoting Humphreys v. Roche Biomedical Lab., Inc.,* 990 F.2d 1078, 1081 (8th Cir.1993).
>
> Toben v. Bridgestone Retail Operations, LLC, 751 F.3d 888, 894 (8th Cir. 2014).

Again, the extremely low bar set forth in *Alexander v. Tutle and Tutle Trucking Inc.,* 834 F.3d 866 (8th Cir. 2016), only requires an expectation that the employee will be directed to perform interstate driving.  "If all one had to do to obtain a grant of a Rule 56 ( [d] ) motion were to allege possession by movant of 'certain information' and 'other evidence', every summary judgment decision would have to be delayed while the non-movant goes fishing in the movant's files." *Keebler Co. v. Murray Bakery Prods.,* 866 F.2d 1386, 1389 (Fed.Cir.1989).  Here, analogously, this appears nothing more than a fishing expedition.

6.     Nickelback respectfully requests that this Court grant its motion to dismiss in its entirety. In the event that the Court does not issue an order of complete dismissal or issues an order allowing discovery, Nickelback would request that the Court issue an appropriate Order limiting discovery solely to the relevant inquiry set forth in *Alexander v. Tutle and Tutle Trucking Inc.,* 834 F.3d 866 (8th Cir. 2016), which is the reasonable expectation that the employee will be directed to perform interstate driving.   The

Declaration of Holdaway (Doc. ID#7) establishes that the driver's job duties were such that they were called upon "either regularly or from time to time" to drive in interstate commerce. 29 C.F.R. § 782.2(b)(3). Were the Court to allow the broad discovery requested by the Plaintiffs, Nickelback would incur unnecessary expense and it would be a waste of judicial resources. Accordingly, should the Court allow Plaintiffs discovery on the question of whether there was a reasonable expectation that the employee will be directed to perform interstate driving, the Court should opine on the "reasonable expectation" and whether the MCA exemption applies prior to expanding the scope of discovery. This will serve the interests of judicial economy.

7.    In respect to the Declaration of Plaintiffs' Counsel (Doc. ID#8-1), the only items of discovery that appear to relate to the "reasonable expectation" question under paragraph 8 are subparagraphs B, C, D, L, M, and N. In the event that the Court allows Plaintiffs limited discovery as requested in Plaintiffs' Counsel's 56(d) Declaration (Doc. ID#8-1), such discovery should be limited to subparagraphs B, C, D, L, M, and N of paragraph 8.

8.    For all of the foregoing reasons and those contained in Nickelback's Motion to Dismiss and supporting documents, the Court should dismiss the Plaintiffs' Complaint with prejudice. In the alternative, Nickelback respectfully requests that the Court enter an appropriate order limiting discovery to the "reasonable expectation" inquiry and make a preliminary determination on the application of the MCA exemption prior to opening discovery in this matter.

Dated:  September 6, 2019

> ZUGER KIRMIS & SMITH
> Attorneys for Defendant
> 316 N Fifth Street, 5th Floor
> P. O. Box 1695
> Bismarck, North Dakota 58502-1695
> Telephone: 701-223-2711
> pward@zkslaw.com
> jward@zkslaw.com
> dpathroff@zkslaw.com
>
> By:    /s/ John E. Ward
>        Dennis R. Pathroff   ID#08607
>        John E. Ward         ID#07495
>        Patrick J. Ward      ID#03626