# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Derek Fenlon, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| vs. | ) ) | |
| Nickelback Transport, Inc., | ) ) | Case No. 1:19-cv-142 |
| Defendant. | ) | |

Before the Court is Defendant's Rule 12(b)(6) motion to dismiss filed on August 2, 2019. See Doc. No. 5. The Plaintiff filed a response in opposition to the motion on August 23, 2019. See Doc. No. 8. The Defendant filed a reply brief on September 6, 2019. See Doc. No. 9. For the reasons set forth below, the motion is denied.

## I.     BACKGROUND

This is an action by the Plaintiff, Derek Fenlon, to recover unpaid overtime wages and other damages from Defendant Nickelback Transport, Inc. ("Nickelback") under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the overtime provisions found in Title 34 of the North Dakota Century Code and Section 46-02-07 et seq. of the North Dakota Administrative Code. This collective action was commenced on July 11, 2019.

Fenlon is a former truck driver and manager of Nickelback. Nickelback is an Idaho corporation doing business in North Dakota hauling fresh water, production water, flowback water, and other materials to and from various oilfield locations in North Dakota.

Fenlon, and other similarly situated employees of Nickelback, were truck drivers transporting materials to and from oilfield sites within the State of North Dakota, who contend

1

they were not paid for all the overtime hours they worked, as Nickelback only paid straight time for all hours worked. In addition, they contend Nickelback shaved their overtime hours to reduce or eliminate Nickelback's overtime obligations. Nickelback contends the Plaintiff truck drivers fall within the FLSA's Motor Carrier Act exemption.

## II. STANDARD OF REVIEW

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates the dismissal of a claim if there has been a failure to state a claim upon which relief can be granted. When considering a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded factual allegations in the complaint as true. Detailed factual allegations are not necessary under the Rule 8 pleading standard, rather a plaintiff must set forth grounds of its entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Aschcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557). The determination of whether a complaint states a claim upon which relief can be granted is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. The court must consider whether the allegations set forth in the complaint "plausibly give rise to an entitlement to relief." Id. at 679. Dismissal will not be granted unless it appears beyond doubt the plaintiff can prove no set of facts entitling him to relief. Ulrich v. Pope Cty., 715 F.3d 1054, 1058 (8th Cir. 2013).

The court may generally only look to the allegations contained in the complaint to make a Rule 12(b)(6) determination. McAuley v. Fed. Ins. Co., 500 F.3d 784, 787 (8th Cir. 2007). "[I]n considering a motion to dismiss, the district court may sometimes consider materials outside the pleadings, such as materials that are necessarily embraced by the pleadings and exhibits attached to the complaint." Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n.4 (8th Cir. 2003) (citing Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999)). However, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

Upon conversion to a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Id.; Brooks v. Midwest Heart Grp., 655 F.3d 796, 800 (8th Cir. 2011). As the Defendant has submitted matters outside the pleadings in support of its motion, the Court will treat the motion as one for summary judgment under Rule 56.

Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, indicates that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. Davison v. City of Minneapolis, Minn., 490 F.3d 648, 654 (8th Cir. 2007); see Fed. R. Civ. P. 56(a). Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party. Id.

The Court must inquire whether the evidence presents a sufficient disagreement to require the submission of the case to a jury or whether the evidence is so one-sided that one

party must prevail as a matter of law. Diesel Mach., Inc. v. B.R. Lee Indus., Inc., 418 F.3d 820, 832 (8th Cir. 2005). The moving party bears the responsibility of informing the court of the basis for the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of material fact. Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011). The non-moving party may not rely merely on allegations or denials in its own pleading; rather, its response must set out specific facts showing a genuine issue for trial. Id.; Fed. R. Civ. P. 56(c)(1). The court must consider the substantive standard of proof when ruling on a motion for summary judgment. Anderson, 477 U.S. at 252.

### III. LEGAL DISCUSSION

Fenlon filed this FLSA collective action on July 11, 2019. In lieu of an answer, Nickelback filed a Rule 12(b)(6) motion to dismiss on August 2, 2019. In its motion, Nickelback contends it is exempt from the FLSA overtime provisions because the Plaintiff truck drivers fall within the FLSA's Motor Carrier Act exemption ("MCA exemption"), 29 U.S.C. § 213(b)(1). In support of its motion, Nickelback has submitted the declaration of Nickelback President Shawn Holdaway. In his declaration, Holdaway states Nickelback is a federal motor carrier which operates commercial vehicles hauling commodities in interstate commerce and its drivers are thus exempt from FLSA overtime provisions. In response to the motion to dismiss, Fenlon correctly points out that by citing to matters outside the complaint, Nickelback has converted its motion into one for summary judgment. Fenlon asks the Court to extend its response time under Rule 56(d) so that he may allowed to conduct discovery necessary to respond to the motion.

Rule 12(d) of the Federal Rules of Civil procedure provides as follows:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion <u>must</u> be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d) (emphasis added).

Nickelback contends Holdaway's declaration is embraced by Felon's complaint and thus does not convert the motion to one for summary judgment. The Court is unpersuaded. While it is true matters embraced by the pleadings may be considered on motion to dismiss, such matters, like disputed contracts or other writings the authenticity of which is unquestioned, are typically referenced in the pleadings. See <u>Mattes</u>, 323 F.3d at 697 n.4. Holdaway's declaration was made after the complaint was filed and for the purpose of supporting Nickelback's Rule 12(b)(6) motion to dismiss. It is in no way mentioned or embraced by the complaint, and as evidenced by Fenlon's response to the motion, the substance of it is disputed. Thus, the Court must treat the motion as one made pursuant to Rule 56 or exclude consideration of the declaration. The Rule 12 motion clearly fails without the declaration to rely upon for the contention that the MCA exemption applies. The Court will treat the motion as one made pursuant to Rule 56.

Summary judgment is only proper after the nonmovant has had an opportunity to conduct discovery. <u>Iverson v. Johnson Gas Appliance Co.</u>, 172 F.3d 524, 530 (8th Cir. 1999). In this case, discovery has yet to begin. Nickelback filed its motion prior to filing its answer. Fenlon has had no opportunity for discovery and requests that it be given the opportunity to do so before being required to respond to Nickelback's motion. Rule 56(d) permits a nonmovant to make such a request. The purpose of this provision is to prevent the unfair or premature grant of summary judgment and the rule is to be applied liberally. <u>Id.</u>; <u>U.S. ex.rel. Bernard v. Casino Magic Corp.</u>, 293 F.3d 419, 426 (8th Cir. 2002). A court considering a Rule 56(d) motion may

5

deny summary judgment, grant a continuance, or make any other appropriate order. Fed. R. Civ. p. 56(d).

In this case, Nickelback's motion is premature as no discovery whatsoever has taken place. The MCA exemption is an affirmative defense on which Nickelback bears the burden of proof. Wilkinson v. High Plains Inc., 297 F. Supp. 3d 988, 994 (D.N.D. 2018) (finding the employer bears the burden to establish that an FLSA exemption applies). The Court will not entertain a motion for summary judgment until discovery is complete, or nearly complete, when the basis for the motion is an exemption upon which the moving party bears the burden of proof. See Clark v. J.M. Benson Co., 789 F.2d 282, 286 (4th Cir. 1986) (noting the defendant bears the full burden of persuasion on the applicability of an FLSA exemption). Fenlon cannot be expected to respond to the Holdaway declaration without the opportunity to take Holdaway's deposition and conduct other relevant discovery. The Court denies Nickelback's motion without prejudice and subject to being renewed once Fenlon has had a full opportunity to conduct necessary discovery.

## IV.    CONCLUSION

Accordingly, and for the reasons set forth above, the Defendant's motion to dismiss (Doc. No. 5) is **DENIED without prejudice**.

**IT IS SO ORDERED.**

Dated this 19th day of November, 2019.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court